IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-468-WHA |
| ) | |
| TOMBERLIN, YOUNG & FOLMAR ) | (wo) |
| INSURANCE CO. d/b/a SOUTH CENTRAL ) | |
| AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on the Defendants' Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings (Doc. #80), and the Defendants' Motion to Amend Answer (Doc. #83).

This case began with a Complaint filed in the Northern District of Florida by the United States of America against the Dick Corporation and others. *United States, etc. v. Dick Corp., et. al.*, 3:08cv56/MCR/MD. A Fourth-Party Complaint was filed by Auto-Owners Insurance Company (Auto-Owners) against Tomberlin, Young & Folmar Insurance Company d/b/a South Central Agency, John S. Tomberlin and Harold S. Young (collectively "South Central Agency"). Auto-Owners and South Central Agency jointly stipulated to a transfer of the action to the United States District Court for the Middle District of Alabama.

After the case was transferred to this court, South Central Agency filed an Answer. Auto-Owners then filed an Amended Complaint,[1] with leave of court. Auto-Owners brings claims for breach of contract (Count I), breach of fiduciary duty during the application process (Count II), breach of fiduciary duty following the application process (Count III), indemnification (Count IV), negligent misrepresentation (Count V), and suppression of material facts (Count VI).

South Central Agency has moved to Amend its Answer in response to the Amended Complaint, and to include a counterclaim. Auto-Owners concedes that South Central Agency is entitled to file an Answer. *See* Doc. #86. Although Auto-Owners disputes that the counterclaim included in South Central Agency"s Motion is necessary, for reasons to be discussed, the Motion to Amend is due to be GRANTED. An Answer having been filed, the court will address Auto-Owners's alternative Motion for Judgment on the Pleadings. That motion is due to be DENIED for reasons to be discussed.

## II.  STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116-17 (11th Cir.1999). The court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* at 1117.

## III.  FACTS

The facts alleged in the Amended Complaint, taken in a light most favorable to the non-movant, are as follows:

---

[1] The complaint is labeled the First Amended Complaint, but there was a First Amended Complaint filed before the case was transferred to this court. *See* Doc. #11. Therefore, the court will refer to the most recent complaint as the Amended Complaint.

Auto-Owners is a company that issues performance and payment bonds related to construction projects. Auto-Owners was sued by Dick Corporation on a performance and payment bond that Auto-Owners had issued to benefit Dick Corporation on behalf of S&S Construction, one of Dick Corporations's subcontractors. The bonds were to cover a subcontract entered into by S&S for work on a project at the Naval Air Station in Pensacola, Florida.

The Amended Complaint alleges that S&S procured the bond through South Central Agency. The bond was issued in two parts and related to four subcontracts Dick Corporation had with S&S. At the time South Central Agency requested the bond from Auto-Owners, S&S had been unable to obtain a bond on two other subcontracts that required bonds, which put S&S in default on those two subcontracts.

Auto-Owners alleges that South Central Agency was aware that S&S had failed to obtain bonds on the two subcontracts, but did not disclose that default to Auto-Owners when the application for a bond was submitted to Auto-Owners. Auto-Owners also states that South Central Agency knew S&S was unable to pay its suppliers, but did not disclose this information to Auto-Owners.

S&S became unable to meet its payroll, and the Dick Corporation took over paying S&S employees. This was known to South Central Agency, but not disclosed to Auto-Owners.

Because it issued a bond to S&S, Auto-Owners has incurred expenses and will continue to incur expenses.

As stated above, Dick Corporation brought claims against Auto-Owners in *United States, etc. v. Dick Corp.*, 3:08cv56/MCR/MD based on the performance and payment bond issued by Auto-Owners to benefit Dick Corporation on behalf of S&S. Auto-Owners settled with Dick

Corporation, with a mediator determining the amount Auto-Owners had to pay on the bond.

Auto-Owners states that it learned of the South Central Agency's conduct during the deposition of Shelby Gardner, the Dick Corporation employee in charge of the Naval Air Station construction project, on October 20, 2009.  Auto-Owners states that had it known that S&S was in default on another subcontract, it would have refused to issue the bond.

## IV.  DISCUSSION

South Central Agency contends that judgment is due to be granted on the pleadings as to all of the claims in Auto-Owners' Amended Complaint because the claims are barred by a state law voluntary payment rule, and as to the negligent misrepresentation, suppression, and breach of fiduciary duty claims because those claims are barred by the applicable two-year statute of limitations.

### A.  Motion to Dismiss Based on Voluntary Payment

South Central Agency argues that all of Auto-Owners's claims in this case are barred by the Alabama voluntary payment doctrine because it voluntarily paid a settlement to Dick Corporation.  *See Mount Airy Ins. Co. v. Doe Law Firm*, 668 So. 2d 534 (Ala. 1995).  On the face of the Amended Complaint, however, Auto-Owners seeks damages in addition to the amount which was paid in settlement to Dick Corporation.  *See* Doc. #79 at p. 2.  Therefore, judgment is not to be granted on that basis.  To the extent that South Central Agency seeks partial judgment only on the amount paid in settlement, Auto-Owners' attempted reliance on matters outside of the pleadings in opposing South Central Agency's motion indicates to the court, as argued by Auto-Owners, that this issue is one more properly decided in the context of a

Motion for Summary Judgment.  Therefore, the court will deny the Motion for Judgment on the Pleadings, but South Cental Agency will be free to again raise this defense, should it choose to do so, in a properly-filed Motion for Summary Judgment after development of the facts in this case.

### B.  Motion to Dismiss Based on the Statute of Limitations

South Central Agency points to various facts alleged in the Amended Complaint, such as notice to Auto-Owners of the default by S&S, and states that because these facts occurred in 2006 or 2007, the negligent misrepresentation, suppression, and fiduciary duty claims are barred by the two-year statute of limitations.

Auto-Owners contends that South Central Agency misunderstands the factual allegations of the Amended Complaint.  Auto-Owners says that the notice of default by S&S on other subcontracts may have alerted it to the need to investigate performance by S&S, but not the need to investigate South Central Agency and its agents who procured the bonds for S&S.  Auto-Owners points out that the Amended Complaint alleges that Auto-Owners was not aware of South Central Agency's conduct until the deposition of Dick Corporation employee Shelby Gardner.  See Doc. #79 at ¶ 6.  Auto-Owners argues that this allegation as to when it acquired knowledge of the claims against South Central Agency establishes tolling for the negligent misrepresentation, and the suppression claims, so that the claims are not time-barred.[2]

The question of whether a plaintiff discovered or reasonably should have discovered fraud for purposes of tolling a statute of limitations is generally a question for the trier of fact.

---

[2] Auto-Owners also states that the fiduciary duty claims did not accrue until Auto-Owners suffered damage and therefore are not time-barred.  The court need not address this argument at this point in the proceedings.

5

*See Whitlock v. Jackson Nat'l Life Ins. Co.*, 32 F. Supp. 2d 1286, 1290 (M.D. Ala. 1998). An exception to this rule exists in the "reasonable reliance" standard, which requires consideration of the facts and circumstances surrounding the transaction. *See Foremost Ins. Co. v. Parham*, 693 So.2d 409, 421 (Ala. 1997). The same analysis appears to be applicable to fiduciary duty claims. *See, e.g., Davis v. Dorsey*, 495 F. Supp. 2d 1162, 1173-74 (M.D. Ala. 2007).

South Central Agency states that the court should not rely on the allegation that Auto-Owners learned of South Central Agency's conduct in 2009, because that is a legal conclusion, not a statement of fact. South Central Agency states that the pled fact is actually a legal conclusion because it omits all of the prior facts that Auto-Owners had clear notice of in 2007. South Central Agency argues, therefore, that this allegation in the Amended Complaint is a legal conclusion and does not save the claims from a judgment on the pleadings.

Auto-Owners' theory is that, whether or not it had a duty to inquire further into defaults by S&S as early as 2007 for purposes of S&S's conduct, it had no reason to inquire into whether it had been misled by South Central Agency as to S&S's status at that time. Auto-Owners has alleged in the Amended Complaint that it was not until a deposition taken in 2009 that Auto-Owners learned that South Central Agency had acted improperly in its conduct with Auto-Owners. That allegation is an allegation of fact which could support equitable tolling of the statute of limitations. Furthermore, Auto-Owners has sought to substantiate its position with information outside of the pleadings. Rather than improperly consider that information in the context of a Motion for Judgment on the Pleadings, however, the court concludes that the application of tolling principles to the statute of limitations defense is one which is better addressed upon further factual development. Therefore, based on the allegations of the

Amended Complaint, judgment is not due to be granted as to the negligent misrepresentation, suppression, or fiduciary duty claims at this time. If South Central Agency raises the statute of limitations issue again in a properly-filed Motion for Summary Judgment, the court will address it in the context of the facts as developed at that time.

### C.  Motion to Amend to Add Counterclaim

As earlier stated, South Central Agency has sought to Amend its Answer and to add a counterclaim. Auto-Owners concedes that the Amended Answer is due to be filed, but has opposed the filing of the Counterclaim, citing to district court opinions outside of this circuit for the proposition that counterclaims are unnecessary if they merely mirror the claim in the complaint.

South Central Agency responds that it seeks attorneys' fees should it prevail, and has sought a declaration as to Auto-Owners's underwriting practices, in addition to the issues relied upon by Auto-Owners.

The court finds no reason to deny the properly-filed Motion to Amend the Answer, including the Counterclaim. *See* Fed. R. Civ. 15(a)(2) (stating "The court should freely give leave when justice so requires."). The Motion to Amend is, therefore, due to be GRANTED.

### V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. Defendants Tomberlin, Young & Folmar Insurance Co. d/b/a South Central Agency, John S. Tomberlin and Harold W. Young's Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings (Doc. #80) are DENIED, without prejudice to the issues raised in the motion being raised again in a properly-filed Motion for Summary Judgment.

2.  Defendants Tomberlin, Young & Folmar Insurance Co. d/b/a South Central Agency, John S. Tomberlin and Harold W. Young's Motion to Amend Answer (Doc. #83) is GRANTED and the Defendants are given leave to file the Answer and Counterclaim appended to their Motion.

DONE this 4th day of November, 2011.

      /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE